In re IDEAL SECURITY HARDWARE
CORP., Debtor.

N. David ROBERTS, Jr.,
Trustee, Plaintiff,

v.

SERVICE TRANSPORT,
INC., Defendants.

Bankruptcy No. 91–30877.
Adv. No. 94–2019.

United States Bankruptcy Court,
E.D. Tennessee.

Sept. 8, 1995.

Frantz, McConnell & Seymour, Robert M. Bailey, Michael W. Ewell, Knoxville, TN, for N. David Roberts, Jr., Trustee.

Evans, Jones & Reynolds, Winston S. Evans, Phillip B. Jones, Nashville, TN, for Service Transport, Inc.

## MEMORANDUM

MARCIA PHILLIPS PARSONS,
Bankruptcy Judge.

In this adversary proceeding, the chapter 7 trustee, N. David Roberts, Jr. ("Trustee"), seeks to avoid and recover pursuant to 11 U.S.C. §§ 547(b) and 550, certain alleged preferential transfers in the amount of $14,-886.73 made by the debtor to the defendant, Service Transport, Inc. ("Service Transport"), within ninety days preceding the debtor's bankruptcy filing. Service Transport, an intrastate carrier operating under the authority of the Interstate Commerce Commission, hauled freight on an open account for the debtor, whose business was hardware manufacturing. This proceeding is presently before the court on Service Transport's motion for summary judgment wherein Service Transport contends there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law based upon the ordinary course of business defense

provided by § 547(c)(2) of the Bankruptcy Code. In support of its motion, Service Transport has tendered the affidavit of Brent Taylor, its corporate controller. The Trustee contests the motion, asserting that Service Transport has failed to carry its burden of proving all the elements which compose the ordinary course of business defense. Because the court agrees with the Trustee, the motion for summary judgment will be denied. This is a core proceeding. 28 U.S.C. § 157(b)(2)(F).

## I.

Fed.R.Civ.P. 56, as incorporated by Fed.R.Bankr.P. 7056, mandates the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion. *See, e.g., Schilling v. Jackson Oil Co. (In re Transport Associates, Inc.),* 171 B.R. 232, 234 (Bankr.W.D.Ky. 1994), *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II.

■ The basis of Service Transport's summary judgment motion is that even if the payments made by the debtor to Service Transport constitute preferences, the transfers are excepted from avoidance pursuant to 11 U.S.C. § 547(c)(2) because they were made in "the ordinary course of business." Section 547(c)(2) of the Bankruptcy Code provides that

[t]he trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of

business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

The defendant bears the burden of proving each of the three elements of the ordinary course of business defense, 11 U.S.C. § 547(g) *, by a preponderance of the evidence. *Logan v. Basic Distribution Corp. (In re Fred Hawes Organization, Inc.),* 957 F.2d 239, 242–43 (6th Cir.1992). All subsections of § 547(c)(2) require a factual determination by the court. *Id. See also Yurika Foods Corp. v. United Parcel Service (In re Yurika Foods Corp.),* 888 F.2d 42, 45 (6th Cir.1989).

To establish these three elements, Service Transport has tendered the affidavit of Brent Taylor, the controller for Service Transport whose responsibilities include the handling and monitoring of all accounts receivables. In his affidavit, Mr. Taylor states that the debtor began shipping freight with Service Transport in 1990 and continued to do so until the debtor filed this bankruptcy case in 1991. The freight charges associated with these shipments were on credit, with charges being billed on a regular basis. Although each invoice payment term was "net fifteen days," Mr. Taylor testifies that the debtor "paid its freight bills late on a regular basis." Mr. Taylor further states in his affidavit that even though Service Transport was entitled to recover full (non-discounted) freight charges from the debtor based on Service Transport's tariffs on file with the Interstate Commerce Commission, Service Transport never insisted upon full payments from the debtor because the debtor was a "substantial volume" shipper (Service Transport hauled over 150 separate shipments for the debtor in the 90–day period preceding its bankruptcy). Mr. Taylor adds that "it is not uncommon for our larger volume shippers to pay their freight bills late."

---

* This section states, in relevant part,: "For the purposes of this section, ... the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (C) of this section." 11 U.S.C. § 547(g).

The Trustee has not come forward with any countervailing affidavits, but simply challenges the sufficiency of the evidence offered by Service Transport. The Trustee contends that Mr. Taylor's characterization of the debtor's payment habits as being "regularly late," without offering any specific testimony about the invoices and payments of the same is no more than a conclusory assertion and, therefore, does not meet the burden of proof required for subsection (B) of § 547(c)(2). The Trustee also asserts that there is no evidence regarding the industry standard as required by subsection (C) of § 547(c)(2). And last, and perhaps least important, the Trustee contends that Mr. Taylor's affidavit does not offer any evidence pertaining to the ordinary course of business of the debtor for the purpose of completely satisfying both subsections (A) and (B) of § 547(c)(2).

Addressing subsection (C) first, the third element of the ordinary course of business defense, as quoted above, is that the transfer must have been made according to ordinary business terms. The Sixth Circuit Court of Appeals has referred to this requirement as the "objective" component of the ordinary course of business defense requiring "proof that the payment is ordinary in relation to the standards prevailing in the relevant industry." *In re Fred Hawes Organization, Inc.,* 957 F.2d at 244; *Finley v. Mr. T's Apparel, Inc. (In re Washington Manufacturing Co.)* 144 B.R. 376, 378 (Bankr. M.D.Tenn.1992). The only evidence presented by Service Transport in this regard is the statement by Mr. Taylor that "it is not uncommon for our larger volume shippers to pay their freight bills late." However, the fact that it is not uncommon for Service Transport's customers to pay late does not establish that receiving payments late is the industry norm for freight shippers generally. *cf. In re Washington Manufacturing Co.,* 144 B.R. at 380 (proof of what is not "unusual" is not the equivalent of an ordinary course of business). The Sixth Circuit explained in *Hawes* that a court may consider the manner in which the parties conduct their business with other, unrelated parties in determining industry standards, but "this evidence alone . . . is insufficient to prove 'ordinary business terms' by a preponderance of the evidence."

*In re Fred Hawes Organization, Inc.,* 957 F.2d at 247 n. 7.

█ Moreover, even if sufficient testimony had been provided by Mr. Taylor concerning industry standards, such testimony would be inherently suspect because it is to be expected that the testimony of an officer of the defendant would be favorable to the defendant's position. *See In re Fred Hawes Organization, Inc.* 957 F.2d at 246 n. 8; *In re Washington Manufacturing Co.,* 144 B.R. at 380. As stated by the court in *Washington Manufacturing,* "[w]hen the court is faced with the reality that the defendant has the burden of proof on each element of the defense to a preference and when the only testimony supporting § 547(c)(2)(C) is self-serving testimony of the defendant's [officer], the court can not say that the defendant has established the element of proof of the ordinary business terms of the industry in the defendant's favor." Id. at 380.

### III.

Because the court concludes that subsection (C) of § 547(c)(2) has not been established by the evidence presented by Service Transport, it is unnecessary for the court to consider whether the remaining elements required by subsections (A) and (B) have been met. Suffice to say, in light of the factual determinations required of the court in considering those other elements, the lack of any proof concerning the amount, manner, and timing of payments at issue renders such a determination impossible. *See In re Yurika Foods Corporation,* 888 F.2d at 45 ("In considering which transactions are ordinary, courts examine several factors, including timing, the amount and manner a transaction was paid and the circumstances under which the transfer was made"); *In re Transport Associates, Inc.,* 171 B.R. at 234; *Carl Subler Trucking, Inc. v. Kingsville–Ninety Auto/ Truck Stop, Inc. (In re Carl Subler Trucking, Inc.),* 122 B.R. 318, 322 (Bankr.S.D.Ohio 1990).

In light of the foregoing, the defendant's motion for summary judgment will be denied.

An order to that effect will be entered contemporaneously herewith.