**In re MERRY–GO–ROUND ENTERPRISES, INC., MGR Distribution Corporation MGRR, Inc. and Alameda Chess King, Inc., et al., Debtors.**

**Deborah H. Devan, Chapter 7 Trustee, Plaintiff,**

**v.**

**Zamoiski Southeast, Inc., d/b/a Peerless, Defendant.**

**Bankruptcy Nos. 94–5–0161–SD through 94–5–0163–SD, 94–5–3774–SD. Adversary No. 98–5323–ESD.**

United States Bankruptcy Court, D. Maryland, at Baltimore.

Dec. 4, 2000.

Joel I. Sher, Sandra A. Manocchio, Shapiro Sher & Guinot, Baltimore, Maryland.

Eric Pelletier, Moldawer & Marshall, P.C., Rockville, Maryland.

Deborah Hunt Devan, trustee, Neuberger, Quinn, Gielen, Rubin & Gibber, Baltimore, Maryland.

Dennis W. King, Danoff, King & Hofmeister, P.A., Towson, Maryland.

Millard D. Bloom, Sibrea & Bloom, P.A., Towson, Maryland.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

E. STEPHEN DERBY, Bankruptcy Judge.

Before the court is Defendant's Motion for Summary Judgment stemming from a complaint to avoid and recover preferential transfers under 11 U.S.C. § 547(b). Plaintiff opposes the motion and asserts Defendant has failed to demonstrate that it is entitled to judgment as a matter of law under 11 U.S.C. § 547(c)(2) because it has failed to submit evidence demonstrating the prevailing industry standard and that the challenged transfers were made within the standard required by 11 U.S.C. § 547(c)(2)(C). Upon consideration of the motion and response, Defendant's Motion for Summary Judgment will be denied.

### Background

Plaintiff filed a Complaint to Avoid and Recover Preferential Transfers, pursuant to 11 U.S.C. § 547(b), alleging that in the ninety (90) day period preceding the date on which Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, Debtors made transfers to or for the benefit of Defendant in the total amount of $ 29,233.23. (*Plaintiff's Complaint to Avoid and Recover Preferential Transfers* ¶ 6). Defendant has filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56, made applicable by Fed.R.Bankr.P. 7056, asserting there is no genuine dispute regarding material facts and Defendant is entitled to summary judgment as a matter of law. (*Defendant's Motion for Summary Judgment* ¶¶ 1, 2).

Within its supporting memorandum, Defendant alleges it had an on-going business relationship with Debtors whereby Debtors would purchase certain construction materials from Defendant, and Defendant would generate an invoice. (*Defendant's Memorandum in Support of Motion for Summary Judgment* ¶¶ 1, 2). The invoices, as explained by Defendant, provided a discount if paid within thirty (30) days, or otherwise were due in full in thirty-one (31) days. (*Defendant's Memorandum in Support of Motion for Summary Judgment* ¶ 2). Defendant asserts the challenged transfers are payments made pursuant to two such invoices under the discount provision. (*Defendant's Memorandum in Support of Motion for Summary Judgment* ¶ 2). Defendant further asserts Plaintiff is prohibited by 11 U.S.C. § 547(c)(2) from avoiding the challenged transfers because the challenged transfers were for payment of debts incurred by Debtors in the ordinary course of business or financial affairs of Debtors and Defendant, the transferee, and were made according to ordinary business terms. (*Defendant's Memorandum in Support of Motion for Summary Judgment* ¶ 3). In support of this motion, Defendant also submits an affidavit of John J. Mulkey, President of Zamoiski Company, Inc., the parent company of Defendant (*Mulkey's Affidavit* ), a series of invoices purportedly generated by Defendant from March 1993 through October 1993 (Exhibit A), and two invoices purportedly evidencing the challenged transfers (Exhibit B).

Plaintiff opposes Defendant's motion on the ground that "Defendant's only evidence demonstrating the ordinary business terms within the general industry as required by 11 U.S.C. § 547(c)(2)(C) is an

affidavit that makes a conclusory and unsubstantiated statement that the 'terms are ordinary business terms in the industry.'" (*Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment* ¶¶ 3, 7). Plaintiff asserts more is required to prove Defendant is entitled to judgment as a matter of law pursuant to the affirmative defense of 11 U.S.C. § 547(c)(2). (*Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment* ¶¶ 3, 6, 8, 9, 10, 11).

### Summary Judgment Standard

This court's standard of review for summary judgment is set forth in *Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475 (Bankr.D.Md.1996) *aff'd* 113 F.3d 1231 (4th Cir.1997):

> Pursuant to Fed.R.Civ.P. 56(c), made applicable by Bankruptcy Rule 7056, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining the facts for summary judgment purposes, the court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to such affidavits. Fed.R.Civ.P. 56(e), made applicable by [Fed. R.Bankr.P.] 7056. When a motion for summary judgment is made and supported by affidavits or other evidence, "an adverse party may not rest upon mere allegations or denials." *Id.*

197 B.R. at 477. However, if the evidence provided by a movant is insufficient to establish the absence of a genuine issue of material fact, or to establish that the movant is entitled to judgment as a matter of law, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Maldonado v. Ramirez*, 757 F.2d 48, 50 (3rd Cir.1985).

### Admissibility of Defendant's Supporting Papers

■ In evaluating a motion for summary judgment, a court may consider facts "established through one of the vehicles designed to ensure reliability and veracity—depositions, answers to interrogatories, admissions, and affidavits." *Banner Oil Company v. Bryson (In re Regina L. Bryson)*, 187 B.R. 939, 949 (Bankr.N.D.Ill. 1995). Pursuant to Fed.R.Civ.P. 56(e), as made applicable to this proceeding by Fed. R.Bankr.P. 7056:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed.R.Civ.P. 56(e).

### Mulkey's Affidavit

■ An affidavit submitted in support of a motion for summary judgment "must present evidence in substantially the same form as if the affiant were testifying in court." *In re Professional Coatings (N.A.), Inc.*, 210 B.R. 66, 87 (Bankr. E.D.Va.1997), *quoting Evans v. Technologies Applications & Service Company*, 80 F.3d 954, 962 (4th Cir.1996). Federal Rule of Civil Procedure 56(e), made applicable by Fed.R.Bankr.P. 7056, specifically

requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge. Thus, in general, an affiant must set forth facts, rather than opinions or conclusions. "An affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the burden in a motion for summary judgment." *Maldonado v. Ramirez,* 757 F.2d at 48 (3rd Cir.1985) (citations omitted) (determining statements in affidavit were conclusory where the affidavit failed to show personal knowledge, and the statements were based on inconclusive exhibits); *See also Dancy v. Simms,* 116 F.Supp.2d 652 (D.Md.2000) (finding Dancy's assertion that he was not a danger to himself was insufficient to generate an issue of material fact where the defendant had provided evidence and medical opinion that Dancy had been involuntarily medicated because he posed a threat to himself and others).

■ In *M & M Medical Supplies and Service, Incorporated v. Pleasant Valley Hospital, Incorporated,* 981 F.2d 160 (4th Cir.1992), the Fourth Circuit Court of Appeals reversed a district court decision to exclude an expert's affidavit, which referenced data not attached to or provided with the affidavit. The district court based its decision on a holding that Fed.R.Evid. 705, "which allows an expert to give his opinion without prior disclosure of the underlying facts, does not alter the requirement of Fed.R.Civ.P. 56(e) that affidavits submitted in summary judgment proceedings set forth specific facts." *Id.* at 164. The Fourth Circuit agreed that "[a]n expert's affidavit that is wholly conclusory and devoid of reasoning does not comply with Fed.R.Civ.P. 56(e)," but reconciled the two rules by recognizing the distinction between a wholly conclusory affidavit and an affidavit stating facts but lacking detail. *Id.* at 165. Accordingly,

the Fourth Circuit held that "an expert's conclusory affidavit lacking facts does not satisfy the requirements of Fed.R.Civ.P. 56(e). In contrast, an affidavit that states facts on which the expert bases an opinion satisfies Fed.R.Civ.P. 56(e) even though the expert does not attach the data supporting the facts." *Id.* at 165. Similarly, in *Barwick v. Celotex Corporation,* 736 F.2d 946 (4th Cir.1984), the Fourth Circuit Court of Appeals affirmed a district court decision that an affidavit did not measure up to the requirements of Fed.R.Civ.P. 56(e) because "[t]he entire content of the affidavit [was] conclusory, it [did] not set forth facts of which [Barwick had] personal knowledge and it [did] not give specific facts, but only generalities." *Id.* at 959. In that case, Barwick merely asserted that each of the defendants had contributed to his lung disease because he had been exposed to asbestos containing products manufactured by each defendant.

■ However, if only a portion of an affidavit is deficient under Fed.R.Civ.P. 56(e), a court is not forced to exclude the entire affidavit. Instead, "[a] court is allowed to disregard inadmissible argument or conclusion in an affidavit." *Union National Bank of Marseilles v. Leigh (In re Leigh),* 165 B.R. 203, 228 (Bankr.N.D.Ill. 1993). Thus, the court may consider any admissible facts and disregard any inadmissible statements occurring in the same affidavit. *Id.; Evans v. Technologies Applications & Service Company,* 80 F.3d at 962 (upholding the district court's decision to strike those portions of an affidavit that were found to be hearsay, irrelevant, or conclusory).

■ Although *Mulkey's Affidavit* was sworn to on personal knowledge as required by Fed.R.Civ.P. 56, the portions of the affidavit referencing "ordinary business terms" (*Mulkey's Affidavit* ¶¶ 5, 8), are merely conclusory. The affiant attest-

ed "[t]hese terms are ordinary business terms in the industry," (*Mulkey's Affidavit* ¶ 5), and "[s]aid payments were made by Debtors ... under ordinary business terms." (*Mulkey's Affidavit* ¶ 8). The affiant did not cite facts that supported his conclusion, nor did it provide the reasoning through which the affiant reached his conclusion. Accordingly, because these portions were conclusory, they did not comply with Fed.R.Civ.P. 56(e), and consequently must be disregarded. These conclusory portions of the affidavit will not be considered in evaluation of Defendant's motion for summary judgment.

*Exhibits A and B—The Invoices*

█ When a party submits documents, which are not yet a part of the court's record, to be considered in connection with an evaluation of a motion for summary judgment, those documents "must be attached to and authenticated by an appropriate affidavit, and the affiant must be a competent witness through whom the document could be received at trial." *Crown Heights Jewish Community Council, Inc. v. Fischer et al.,* 63 F.Supp.2d 231, 241 (E.D.N.Y.1999); *see also* Fed.R.Evid. 901(a).

Defendant's Exhibits A and B are not certified copies, nor are they supported by an affidavit to establish their authenticity. Although the affiant mentions that Defendant generated invoices in connection with transactions between Defendant and Debtors, (*Mulkey's Affidavit* ¶¶ 4, 6, 7), the reference does not cure the failure to certify or authenticate Exhibits A and B because the affiant fails to authenticate Exhibits A and B in the affidavit. *See Banner Oil Company v. Bryson,* 187 B.R. at 950 (disregarding exhibits without proper certification or authentication, even where referenced in an affidavit). Thus Exhibits A and B are inadmissible under the standard of Fed.R.Civ.P. 56(e), made applicable by Fed.R.Bankr.P. 7056, and will not be considered in evaluation of Defendant's Motion for Summary Judgment.

**Discussion**

**a. *Section 547(c)(2)***

Section 547(c)(2) of Title 11 of the United States Code is an exception to the general rule contained 11 U.S.C. § 547(b), which allows a trustee to avoid certain preferential pre-petition transfers, and provides:

> (c) The trustee may not avoid under this section a transfer
>
>> (2) to the extent that such transfer was—
>>
>> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee
>>
>> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>>
>> (C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).

█ The burden of proving, by a preponderance of the evidence, that the exception for transfers made in the ordinary course of business within the meaning of 11 U.S.C. § 547(c)(2) is on Defendant, as the recipient of the alleged preferential transfers. 11 U.S.C. § 547(g); *Advo–System, Inc. v. Maxway Corp.,* 37 F.3d 1044, 1047 (4th Cir.1994); *In re Daedalean, Inc.,* 193 B.R. 204 (Bankr.D.Md.1996). Defendant must establish each element of the defense. 11 U.S.C. § 547(g); *Advo–System, Inc. v. Maxway Corp.,* 37 F.3d at 1047. The ordinary course of business exception is "designed to protect recurring, customary credit transactions that are incurred and paid in the ordinary course of business of the debtor and the debtor's

transferee." *In re Deltacorp, Inc.*, 179 B.R. 773, 781 (Bankr.S.D.N.Y.1995). Because the third element of the ordinary course of business exception is dispositive in this case, it will be addressed first.

### b. Section 547(c)(2)(C)

 In order to satisfy 11 U.S.C. § 547(c)(2)(C), a creditor is required to prove that the challenged pre-petition preferential transfer was consistent with the range of terms prevailing as some relevant industry's norms. *Hovis v. Aerospace Solutions, Inc. (In re Air South Airlines, Inc.)*, 247 B.R. 153, 163 (Bankr. D.S.C.2000), *citing Advo–System, Inc. v. Maxway Corp.*, 37 F.3d 1044 (4th Cir. 1994). Subsection C allows the creditor latitude in defining the relevant industry, and even allows some departures from that relevant industry's norms to remain within subsection C's protection. *Id., citing Advo–System, Inc. v. Maxway Corp.*, 37 F.3d 1044 (4th Cir.1994). Furthermore, when the parties have had a relationship for which the terms have not significantly changed during the pre-petition insolvency period, a creditor is permitted to depart substantially from the range of terms established under the objective industry standard inquiry and still employ the protection of subsection C. *Id., citing Advo–System, Inc. v. Maxway Corp.*, 37 F.3d 1044 (4th Cir.1994).

 The only evidence offered by Defendant to satisfy subsection C are conclusory statements, (*Mulkey's Affidavit* ¶¶ 5, 8), which are inadequate to support summary judgment and therefore will not be considered in evaluation of Defendant's Motion for Summary Judgment. Thus, Defendant has offered no cognizable evidence to satisfy its burden of proof, and it has not established that there are no issues of material fact, or that it is entitled to judgment as a matter of law. Accordingly, Defendant is not entitled to summary judgment.

 Even if the stricken statements were admitted into evidence, however, Defendant would still not be entitled to summary judgment because the statements were insufficient to establish that the challenged transfers were made according to ordinary business terms. In order to satisfy the burden of proof as to subsection C, Defendant is first obligated to offer evidence of ordinary business terms. This requires reference to some external data, and cannot be satisfied through proof of the parties' own dealings. *Lawson v. Ford Motor Company (In re Roblin Industries, Inc.)*, 78 F.3d 30, 43 (2nd Cir.1996) (holding Ford did not sustain its burden of proof at trial because it did not produce evidence of industry practice or custom apart from Roblin's own experience); *See also Hovis v. Stambaugh Aviation, Inc. (In re Air South Airlines)*, 247 B.R. 165 (Bankr.D.S.C.2000) (expert testimony was used to establish payment terms for final balances on heavy maintenance programs in the airline repair service industry); *Hovis v. Aerospace Solutions, Inc.*, 247 B.R. at 163 (the court relied on an affidavit from an accountant employed by the trustee which set out the average length of time taken to collect outstanding trade debt in the airline industry in a particular year); *Advo–System, Inc. v. Maxway Corporation*, 37 F.3d at 1050–51 (using Advo–System itself as the relevant industry, such that its general credit practices constituted the relevant industry norm, the court still determined Advo–System could not survive summary judgment where it had not presented evidence as to the credit terms it normally extended to its other customers); *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811 (6th Cir. 1996) (holding Columbia established an in-

dustry standard where it provided evidence about its own billing practices, the billing practices of public utility companies with which it was affiliated and one other public utility company, and produced evidence as to the difficulty in obtaining billing practices from competitive companies). Defendant has offered no such evidence. In fact, Defendant has neither introduced evidence of the applicable industry standards, nor even identified the applicable industry.

 At a minimum, Defendant's expert by affidavit should provide specific facts to support his expertise, a supported definition of the applicable industry, and specific descriptions of the applicable ordinary business terms of the industry and of Defendant and Debtors. These specifics to support the affiant's opinions are particularly important for credibility because it is to be expected that the testimony of an officer of Defendant would be favorable to Defendant's position. "When [a] court is faced with the reality that [a] defendant has the burden of proof on each element of the defense to a preference and when the only testimony supporting 11 U.S.C. § 547(c)(2)(C) is self-serving testimony of [D]efendant's [officer], the court can not say that [D]efendant has established the element of proof of the ordinary business terms of the industry in [D]efendant's favor." *Roberts v. Service Transport, Inc. (In re Ideal Security Hardware Corp.)*, 186 B.R. 237 (Bankr.E.D.Tenn.1995). While this court will accept the affidavit of an expert affiliated with a defendant, that affidavit must be supported on its face and not contain merely conclusory, self-serving statements.

Because Defendant has not come forward with cognizable evidentiary material that establishes the relevant industry standards as required to satisfy its burden of proof with regard to the ordinary business

exception of 11 U.S.C. § 547(c)(2), it is not entitled to summary judgment.

It appears that Defendant may be able to correct the deficiencies noted in this memorandum opinion. Consequently, the court will allow Defendant thirty (30) days to supplement its submissions. If Defendant fully corrects these deficiencies, Plaintiff Trustee may not successfully rest on mere denials or allegations. *Ramsey v. Bernstein*, 197 B.R. at 477.

Therefore, it is, this _____ day of December 2000, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED,** that Defendant's Motion for Summary Judgment is **DENIED,** with leave to supplement within thirty (30) days.